UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JULIE DAVIS, ) | |
|       Plaintiff, ) | |
| v. ) | Case No. 14-CV-2019 |
| ) | |
| DEREK JONES, ) | |
|       Defendant. ) | |

## OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#16) filed by Defendant, Derek Jones. This court has carefully reviewed the arguments of the parties and the documents provided by the parties. Following this thorough review, Defendant's Motion for Summary Judgment (#16) is GRANTED.

## FACTS[1]

Plaintiff was hired by Combined Insurance Company of America (Combined) in November 2011 as a sales agent. Plaintiff signed an employment agreement and agreed to arbitration of any dispute with Combined. Plaintiff's immediate supervisor at Combined was Brian Williams. After February 2012, Williams' supervisor was Defendant Derek Jones. In July 2012, Williams and Plaintiff voluntarily left Combined. On August 27, 2012, Plaintiff filed a charge

---

[1] The facts are taken from the Statement of Undisputed Material Facts provided by Defendant, Plaintiff's Responses and the documents provided by the parties, including the transcript of the arbitration hearing. This court has only included facts which are material to the issues in this case, are adequately supported by the record and are based on admissible evidence.

of discrimination with the Equal Employment Opportunity Commission (EEOC) naming only Combined as the respondent. Plaintiff alleged that she suffered sexual harassment while an employee of Combined. On March 15, 2013, the EEOC issued Plaintiff a notice of right to sue, giving her 90 days to file a lawsuit.

On April 30, 2013, Plaintiff filed a Demand for Arbitration against Combined with one count for hostile work environment due to sexual harassment, under Title VII of the Civil Rights Act of 1964. On July 31, 2013, Plaintiff filed a Motion for Leave to Amend her Demand to include three individual respondents, including Defendant, and to add three common law claims. Combined objected, arguing in part that the arbitrator did not have jurisdiction to hear claims against the individual respondents. On September 5, 2013, Arbitrator Francis Pennington denied Plaintiff's request to add individual respondents, but allowed her to add one count against Combined for negligent supervision under Illinois common law. In Plaintiff's Amended Demand, she alleged that Eric Englund and Ryan Smith, male employees of Combined, sexually harassed her and she reported the harassment to Williams, her immediate supervisor. She alleged that Williams reported the incidents to Combined. Plaintiff also alleged that Defendant sexually harassed her.

The arbitration hearing was held October 29, 2013 before Arbitrator

2

Pennington. Plaintiff was represented by counsel Joel S. Paul. Combined was represented by Kimberly A. Yates and Frances Barbieri. Plaintiff, Williams, Englund, and Defendant testified.

On January 6, 2014, Arbitrator Pennington issued an Award and Decision in favor of Combined on all counts. Specifically, the Arbitrator found that Plaintiff could not establish sexual harassment in violation of Title VII. First, the Arbitrator found Plaintiff's allegations that Eric Englund harassed her were unsubstantiated by sufficient, credible evidence. This court notes that Plaintiff's credibility was undermined because the testimony she gave regarding Englund's conduct at the arbitration hearing was much different from the testimony she gave during her deposition taken the month before. Second, the Arbitrator found that the conduct alleged to have been perpetrated by Smith and Defendant was not severe and pervasive enough to render Plaintiff's work environment hostile. Third, the Arbitrator found that Plaintiff's "reports" of alleged harassment to her immediate supervisor, Williams, were not made in a professional sense. This was because Plaintiff admitted that she considered her conversations with Williams to be like confiding to a friend and because Williams and Plaintiff were having an intimate, sexual relationship at all relevant times. The Arbitrator also found that Plaintiff could not establish constructive discharge and that Plaintiff

resigned from Combined voluntarily. In addition, the Arbitrator found that Plaintiff's negligent supervision count was preempted by Title VII and the Illinois Human Rights Act.

PROCEDURAL HISTORY

On December 19, 2013, Plaintiff filed her Complaint (#1) against Defendant, through her attorney Joel S. Paul. Plaintiff alleged that this court has jurisdiction because she is a citizen of Illinois and Defendant is a citizen of Michigan and the amount in controversy exceeds $75,000. Plaintiff alleged that she was sexually harassed by Englund and Smith, that she reported the harassment to her immediate supervisor, Williams, who reported the harassment to Defendant. Plaintiff also alleged that Defendant sexually harassed her. Plaintiff's Complaint brought three state law counts against Defendant: (1) negligence; (2) intentional infliction of emotional distress; and (3) negligent infliction of emotional distress. It is undisputed that the allegations in Plaintiff's Complaint (#1) are identical to the allegations presented in her Arbitration Demand and are based on evidence identical to the evidence she presented at the arbitration hearing.

On March 11, 2014, Defendant filed a Motion for Summary Judgment (#16), with attached exhibits. Defendant argued that he was entitled to summary

4

judgment on Plaintiff's Complaint for three reasons: (1) Plaintiff's claims are preempted by the Illinois Human Rights Act (IHRA); (2) Plaintiff's claims are barred by the doctrine of res judicata (also known as claim preclusion); and (3) Plaintiff's claims are barred by the doctrine of collateral estoppel (also known as issue preclusion).

On April 25, 2014, Plaintiff filed a Memorandum in Opposition to Defendant's Motion for Summary Judgment (#19), with an attached exhibit. Plaintiff argued that her claims were not preempted by the IHRA and that her claims were not barred by the doctrine of res judicata. Plaintiff did not respond to Defendant's argument that her claims are barred by the doctrine of collateral estoppel. On May 9, 2014, Defendant filed his Reply (#20). Defendant argued that, despite Plaintiff's arguments, he is entitled to summary judgment.

ANALYSIS

I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether

there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772 (7th Cir. 2012).

In this case, this court concludes that there is no genuine dispute of material fact and Defendant is entitled to judgment as a matter of law. This court notes that it is undisputed that Plaintiff presented her case against Combined to an arbitrator (as she agreed to do) and was unsuccessful. As a practical matter, it makes no sense to allow her to proceed with a lawsuit involving the exact same facts by naming the supervisor she accused of sexual harassment as the defendant. *See, e.g., Muhammad v. Oliver*, 547 F.3d 874, 879 (7th Cir. 2008) (noting that if you sue an employer based upon the conduct of its employee and lose, you cannot resuscitate your claim by suing the employee directly when the previous suit exonerated the employee). Here, Combined successfully defended against Plaintiff's claim of sexual harassment by presenting evidence, including the testimony of Defendant, that Plaintiff never suffered actionable sexual harassment. In finding that Combined was not liable for sexual harassment, the

6

arbitrator found that Defendant's conduct was not actionable, effectively exonerating him. This court therefore agrees with Defendant that he is entitled to summary judgment on Plaintiff's claims for all of the reasons he has raised.

## II. COLLATERAL ESTOPPEL

For collateral estoppel, or issue preclusion, to apply "(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action." *Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011), *quoting H-D Mich., Inc. v. Top Quality Serv., Inc.*, 496 F.3d 755, 760 (7th Cir. 2007). Collateral estoppel serves the "dual purpose of protecting litigants from the burden of relitigating an identical issue" and of "promoting judicial economy by preventing needless litigation." *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994). Defensive collateral estoppel forecloses a plaintiff from asserting claims that the plaintiff previously litigated and lost against another defendant. *Wolverine Mut. Ins. v. Vance ex rel. Tinsley*, 325 F.3d 939, 943 n.3 (7th Cir. 2003).

Defendant has contended that all of the elements of collateral estoppel are present, pointing out that the essential issues of this case have already been

7

litigated. The arbitrator found that no actionable sexual harassment occurred. Plaintiff's claims in this litigation, although stated as state law tort claims, are based on sexual harassment and raise the same issues as those involved in the prior litigation. In addition, the issues were actually litigated, the arbitrator's determination was essential to the final judgment and Plaintiff, the party against whom estoppel is invoked, was fully represented in the prior action.

Plaintiff has not responded to Defendant's argument that Plaintiff's claims against him are precluded by collateral estoppel. This court concludes that collateral estoppel clearly applies and Defendant is entitled to summary judgment for this reason.

### III. PREEMPTION

This court also agrees with Defendant that Plaintiff's claims are preempted by the IHRA. A state-law tort claim is preempted by the IHRA when the IHRA "furnish[es] the legal duty that the defendant was alleged to have breached." *Bannon v. Univ. of Chicago*, 503 F.3d 623, 630 (7th Cir. 2007), *quoting Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006). As the Supreme Court of Illinois has stated, framing a claim in terms of a tort does not "alter the fundamental nature of her cause of action." *Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273, 1277 (Ill. 1994); *see also Travis v. City of Chicago*, 2012 WL 2565826,

8

at *6 (N.D. Ill. 2012). In this case, Plaintiff's claims against Defendant are based on her allegations that she was sexually harassed. Therefore, Plaintiff's tort claims are based upon sexual harassment, which is prohibited by the IHRA, and her claims are preempted by the IHRA.

In her response, Plaintiff pointed out that the Seventh Circuit has held that the proper inquiry is whether a plaintiff can prove the elements of her state law claim "independent of legal duties furnished by the IHRA," not whether the facts that support the tort claim "could also have supported a discrimination claim." *See Naeem*, 444 F.3d at 604. Plaintiff has argued that "there are several independent tort duties that are unrelated to the IHRA and could support Plaintiff's claims." Plaintiff then, with no citation to any authority, argued that Defendant's duties to act upon reports of alleged sexual harassment and to protect employees from such conduct do not depend on the IHRA.

Defendant is correct that Plaintiff has not explained where, other than the IHRA, these duties come from. This court agrees with Defendant that, if there are no such independent legal duties, the state law claims are preempted by the IHRA. *See Krocka v. City of Chicago*, 203 F.3d 507, 516-17 (7th Cir. 2000). Plaintiff's Complaint has alleged sexual harassment. Where "'[a]bsent the allegations of sexual harassment,' the plaintiff 'would have no independent basis for imposing

9

liability,'" related common law claims are preempted by the IHRA. *See Blount v. Stroud*, 904 N.E.2d 1, 8 (Ill. 2009), *quoting Geise*, 639 N.E.2d at 516-17. This court concludes that Plaintiff's claims, based on sexual harassment, are preempted by the IHRA. This court further concludes that judgment is appropriate on this basis because allowing Plaintiff to amend her Complaint to add an IHRA claim would be futile. Plaintiff failed to exhaust the administrative remedies necessary to bring an IHRA claim and the statute of limitations has run on any such claim.

For all the reasons stated, Defendant is entitled to summary judgment based upon preemption.

## III. RES JUDICATA

In addition, this court agrees with Defendant that Plaintiff's claims are precluded by res judicata. The doctrine of "[r]es judicata bars not only those issues actually decided in the prior suit, but all other issues which could have been brought." *Matrix IV*, 649 F.3d at 547, *quoting Aaron v. Mahl*, 550 F.3d 659, 664 (7th Cir. 2008). The principle underlying res judicata–or claim preclusion–is to minimize "the expense and vexation attending multiple lawsuits, conserve[ ] judicial resources, and foster[ ] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Matrix IV*, 649 F.3d at 547, *quoting Montana v. United States*, 440 U.S. 147, 153-54 (1979). Res judicata has three elements: "(1)

an identity of parties or their privies; (2) [an] identity of the cause of action; and (3) a final judgment on the merits." *Matrix IV*, 649 F.3d at 547, *quoting Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008).

In her Memorandum in Opposition, Plaintiff did not contest that there is an identity of the parties or their privies or that there is an identity of the cause of action. Plaintiff has only argued that Arbitrator Pennington did not issue a judgment on the merits pertaining to Plaintiff's tort claims against Defendant. Plaintiff relies on the fact that the Arbitrator determined he did not have subject matter jurisdiction over claims against the individual respondents Plaintiff sought to add to the arbitration proceeding, including Defendant. Plaintiff has cited authority for the proposition that a dismissal for lack of subject matter jurisdiction is not on the merits. *See Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006).

This court concludes, however, that there has been a judgment on the merits. Plaintiff's tort claims are based upon Defendant's alleged participation in sexual harassment. It is undisputed that the allegations in Plaintiff's Complaint (#1) are identical to the allegations presented in her Arbitration Demand and are based on evidence identical to the evidence she presented at the arbitration hearing. The arbitrator determined that this evidence did not support a finding

an identity of parties or their privies; (2) [an] identity of the cause of action; and (3) a final judgment on the merits." *Matrix IV*, 649 F.3d at 547, *quoting Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008).

In her Memorandum in Opposition, Plaintiff did not contest that there is an identity of the parties or their privies or that there is an identity of the cause of action. Plaintiff has only argued that Arbitrator Pennington did not issue a judgment on the merits pertaining to Plaintiff's tort claims against Defendant. Plaintiff relies on the fact that the Arbitrator determined he did not have subject matter jurisdiction over claims against the individual respondents Plaintiff sought to add to the arbitration proceeding, including Defendant. Plaintiff has cited authority for the proposition that a dismissal for lack of subject matter jurisdiction is not on the merits. *See Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006).

This court concludes, however, that there has been a judgment on the merits. Plaintiff's tort claims are based upon Defendant's alleged participation in sexual harassment. It is undisputed that the allegations in Plaintiff's Complaint (#1) are identical to the allegations presented in her Arbitration Demand and are based on evidence identical to the evidence she presented at the arbitration hearing. The arbitrator determined that this evidence did not support a finding

of sexual harassment. The arbitration award must be considered a final judgment on the issue of sexual harassment, the basis of Plaintiff's claims against Defendant. *See Matrix IV*, 649 F.3d at 547 (even if two claims are based on different legal theories, the "two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations.").

This court therefore concludes that Defendant is also entitled to summary judgment based upon res judicata.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Summary Judgment (#16) is GRANTED. Judgment is entered in favor of Defendant and against Plaintiff.

(2) This case is terminated.

ENTERED this 7th day of July, 2014.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE